# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| WILLIE KIMBROUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>WOODBURY COUNTY JAIL,<br><br>    Defendant. | No. C13-3002-MWB<br><br>**ORDER** |

  The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1) and application for appointment of counsel (docket no. 2). The plaintiff filed both applications on January 7, 2013. Along with his applications, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

  Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that the plaintiff included with his application to proceed in forma pauperis, the court finds that the initial partial filing fee is $5.00. *Id*. The plaintiff shall submit $5.00 by no later than October 9, 2013. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate. The

court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[1]

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.

---

[1] Before proceeding with his action, the plaintiff should be aware of several points. First, a plaintiff must fully exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court); *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002) (42 U.S.C. § 1997e(a) does not permit a court to consider a prisoner's subjective beliefs in determining the availability of administrative remedies). So, in the event that the court orders the defendant to respond, it is likely that the defendant would raise the plaintiff's failure to exhaust his administrative remedies as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (stating that the failure to exhaust is an affirmative defense); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (stating that a defendant has the burden of proving the failure to exhaust). Second, regarding the holding conditions, the sleeping conditions, the lack of fresh air and the attempt to prevent lice within the jail, a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *See Clark v. Armontrout*, 28 F.3d 71, 72 (8th Cir. 1994). Third, as to the appropriateness of the strip search, the scope of the intrusion, how the search was conducted, the justification for the search, such as a policy to maintain security and to prevent the flow of contraband, and where the search was conducted must be considered. *See Mills v. White*, 364 F. App'x 308, 309-10 (8th Cir. 2010). Finally, as to the lack of a Koran, it is important to consider whether a plaintiff has been deprived of all forms of religious exercise. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 352 (1987); *see also Roddy v. Banks*, 124 F. App'x 469, 471 (8th Cir. 2005) (finding the denial of books supported a free exercise claim but defendants were nevertheless entitled to qualified immunity because a reasonable prison official would not have known that denying books violated the First Amendment).

1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. The plaintiff's claims are not complex, and it is doubtful that he can proceed with his claims against the defendant, especially considering his assertion that he did not exhaust his administrative remedies. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $5.00 by no later than October 9, 2013. The instant action will be dismissed unless either the initial partial filing fee of $5.00 is received by October 9, 2013 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

7) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

**DATED** this 9th day of September, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN  DISTRICT  OF  IOWA

TO:  WARDEN/ADMINISTRATOR
     Fort Dodge Correctional Facility, Fort Dodge, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Willie Kimbrough, #6882891, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Kimbrough v. Woodbury County Jail*, Case No. C13-3002-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $5.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa