**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| WILLIE KIMBROUGH,<br><br>   Plaintiff,<br><br>vs.<br><br>WOODBURY COUNTY JAIL,<br><br>   Defendant. | No. C13-3002-MWB<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

*TABLE OF CONTENTS*

I. *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II. *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III. *MOTION TO DISMISS STANDARD* . . . . . . . . . . . . . . . . . . . . . . . *2*

IV. *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

  A. *Overview of Civil Rights Claims Under 42 U.S.C. § 1983* . . . . . . . *4*

  B. *The Plaintiff's Failure to Respond* . . . . . . . . . . . . . . . . . . . . . . *5*

  C. *The Defendant's Contention Regarding Lack of Proper Party* . . . . . . *5*

  D. *The Defendant's Contention Regarding Lack of
Exhaustion of Administrative Remedies* . . . . . . . . . . . . . . . . . . . . . *6*

  E. *The Defendant's Other Arguments Regarding Dismissal* . . . . . . . . . *7*

V. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*I. INTRODUCTION*

Defendant's motion to dismiss (Doc. No. 10) has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for the filing of a report and recommended disposition. *See* Doc. No. 12. Plaintiff has not filed a resistance. The government did not request oral

argument, and, in any event I find that oral argument is not necessary. The motion is fully submitted.

## II. PROCEDURAL HISTORY

On January 7, 2013, the plaintiff submitted a complaint, which the clerk's office filed on September 9, 2013. In his complaint, the plaintiff alleges that the defendant violated his constitutional rights while he was confined at the Woodbury County Jail. Specifically, he contends that: (1) he was strip searched; (2) he was required to wait in a holding cell for twenty-four hours and asked to sleep on the floor if it was crowded; (3) he was required to remove his clothes again and sprayed with a delousing chemical when they moved him to his Pod; (4) he was required to remain inside the building unless he had a proceeding in court and did not receive fresh air; and (5) he did not have access to a Koran or Muslim services from May of 2012 to October of 2012. As relief, the plaintiff states that he would like the court to award him $1,000,000.00.

In its motion to dismiss, the defendant maintains that dismissal is proper for the following reasons: (1) the Woodbury County Jail is not a legal entity that is amenable to suit; (2) the plaintiff never exhausted his administrative remedies; and (3) the plaintiff's complaint fails to state a claim upon which relief can be granted.

## III. MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff has stated a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, the court must accept all of the plaintiff's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). With respect to the facts, "'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Electric Co.*, 652

F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)); *accord Mulvenon v. Greenwood*, 643 F.3d 653, 656-57 (8th Cir. 2011); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) ("[A] complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" (quoting *Bell Atl.*, 550 U.S. at 555)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-78 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## IV. ANALYSIS

### A. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *The Plaintiff's Failure to Respond*

The plaintiff did not file anything in response to the defendant's motion to dismiss. Consequently, the plaintiff did not comply with the local rules. *See* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."). Because the plaintiff did not file a timely resistance, it is appropriate to consider the merits of the defendant's motion to dismiss without waiting any longer for the plaintiff to furnish citations or other reasons for denying it. *See generally Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981) (requiring court to "inquire into the merits of [a motion to dismiss] and to grant or deny it, as the case may be, in accordance with the law and the relevant facts"). Having reviewed the record, I conclude that it is appropriate to dismiss the claims against the defendant for the reasons stated in the defendant's brief. The defendant adequately sets forth the law and applies such law to the facts that are set forth in the plaintiff's complaint. Because the plaintiff's claims are not plausible, dismissal is appropriate under Federal Rule of Civil Procedure 12.

### C. *The Defendant's Contention Regarding Lack of Proper Party*

The defendant correctly points out that county jails are not legal entities amenable to suit. *See Maxwell v. Linn County Corr. Ctr.*, 310 F. App'x 49 (8th Cir. 2009) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)). In this action, the plaintiff only named the Woodbury County Jail as a defendant. Moreover, nowhere in his complaint does the plaintiff allege that any of his injuries stemmed from an official policy or custom, *cf. Monel v. Dep't of Soc. Servs*, 436 U.S. 658, 707-08 (1978) (local government liable under 42 U.S.C. § 1983 if injury arises from official policy or custom) or that a particular individual caused him harm, *cf. Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (defendant individually liable if directly involved in unconstitutional decision or had direct responsibility for the decision that resulted in harm to him) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). Thus, I find that

dismissal is appropriate because the defendant is not an entity that is subject to suit or lacks the capacity to be sued.[1]

### D. The Defendant's Contention Regarding Lack of Exhaustion of Administrative Remedies

As to the defendant's contention that the plaintiff failed to exhaust the administrative remedies that were available to him, I find that it is correct. Previously, the court warned plaintiff that he should be aware of several points, which included the following:

> [A] plaintiff must fully exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, [534 U.S. 516, 524 (2002)] (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court); *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002) (42 U.S.C. § 1997e(a) does not permit a court to consider a prisoner's subjective beliefs in determining the availability of administrative remedies). So, in the event that the court orders the defendant to respond, it is likely that the defendant would raise the plaintiff's failure to exhaust his administrative remedies as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (stating that the failure to exhaust is an affirmative defense); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (stating that a defendant has the burden of proving the failure to exhaust).

*See* Doc. No. 3 at 3 n.1. As anticipated, the defendant seizes on the fact that the plaintiff admitted in his complaint that he did not exhaust his administrative remedies before filing his action. It makes no difference that the plaintiff was transferred from the Woodbury

---

[1] Given the fact that *pro se* complaints are to be liberally construed, no matter how inartfully they are pleaded, and the fact that Federal Rule of Civil Procedure 15(a)(2) allows a court to grant leave to amend complaints when justice so requires, I note that dismissal merely on the basis of failing to designate an entity or person that is subject to suit would not be appropriate.

County Jail to a different institution or that he spoke with a captain and wrote to the ombudsman. Because he is still a prisoner, the plaintiff needed to rely on and fully exhaust the available grievance procedure in the Woodbury County Jail. In light of the fact that the plaintiff acknowledges on the face of his complaint that he could have submitted a grievance but did not do so, I find that the plaintiff's action should be dismissed without prejudice for failing to comply with 42 U.S.C. § 1997e(a). *See Kendrick v. Pope*, 671 F.3d 686, 689 (8th Cir. 2012). Further, because he frivolously or maliciously ignored the court's warning and decided not to avoid the waste that would result from obliging a lawyer for the defendant to argue that he failed to state a claim upon which relief can be granted, I conclude that the dismissal of this action must count as a "strike" under 28 U.S.C. § 1915(g). *Compare Ball v. Famiglio*, 726 F.3d 448, 460 (3d Cir. 2013) (concluding that "a dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim") *with Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (the dismissal of a case without prejudice for failing to exhaust administrative remedies is not a strike).

### *E. The Defendant's Other Arguments Regarding Dismissal*

Aside from arguing that the plaintiff failed to comply with the requirements of 42 U.S.C. § 1997e(a) or exhaust the administrative remedies available to him, the defendant addresses whether a constitutional violation occurred as a result of the plaintiff's strip search, placement in a holding cell for twenty-four hours, arrangements for sleeping, exposure to a delousing chemical, exposure to the air inside the Woodbury County Jail and access to religious materials or services. Nothing prevents the court from reviewing the merits of the plaintiff's claims under the First Amendment, Fourth Amendment, Eighth Amendment and Fourteenth Amendment. *See Jones v. Norris*, 310 F.3d 610, 612 (8th

Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)). Nonetheless, having concluded that the plaintiff's complaint indicates that the plaintiff failed to comply with 42 U.S.C. § 1997e(a), I do not believe it is necessary to review the merits of the defendant's claims.[2]

---

[2] I note that a cursory review of the plaintiff's Eighth Amendment claims indicates that they are not plausible. The holding conditions, the sleeping conditions, the lack of fresh air and the attempt to prevent lice within the jail do not amount to punishment. *See, e.g., Smith v. Copeland*, 87 F.3d 265, 267-69 (8th Cir. 1996) (finding no constitutional violation where plaintiff was held in solitary confinement without clothing or bedding, was denied food and water and was exposed to raw sewage in his cell for four days because he was not exposed to disease and he did not suffer adverse effects as a result of his limited exposure to the sewage); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957-58 (8th Cir. 1994) (concluding no violation of constitutional rights occurred where plaintiff complained about being held for twenty-four hours in a cell in which the toilet was "covered with dried feces on both the inside and outside, the sink was covered with hair and vomit, the floor was covered with garbage and rotting food, and the walls were covered with dried human mucus"); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (determining that conditions of the plaintiff's confinement, which included less ventilation as a result of wire mesh, did not constitute cruel and unusual punishment). This is especially so because a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *See Clark v. Armontrout*, 28 F.3d 71, 72 (8th Cir. 1994). Similarly, the plaintiff's claim that is based on the Fourth Amendment and Fourteenth Amendment does not appear plausible. *See, e.g., Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, ___ U.S. ___, ___, 132 S. Ct. 1510, 1513-15, 1522-25 (2012) (upholding as constitutional strip searches of detainees). Likewise, the plaintiff's First Amendment claim appears to suffer from a lack of interference by correctional officers with his ability to obtain a Koran or his ability to worship. *See, e.g., Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 832-34 (8th Cir. 2009) (explaining that an inmate bears the burden of establishing that the correctional facility has placed a substantial burden on his sincerely-held religious belief). Lastly, the court notes that, because he does not allege that he suffered a physical injury, the plaintiff's ability to recover damages is limited. *See* 42 U.S.C. § 1997e(e). The facts do not justify the award of compensatory damages, which are only available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering, or punitive damages, which are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference. *See*

(continued…)

## V. CONCLUSION

For the foregoing reasons, **I RESPECTFULLY RECOMMEND** that, unless any party files objections to the report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) within fourteen (14) days of the service of a copy of this report and recommendation, the defendant's motion to dismiss be granted and judgment be entered in favor of the defendant and against the plaintiff. The parties must specify the parts of the report and recommendation to which objections are made. In addition, the parties must specify the parts of the record, including exhibits and transcript lines, that form the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections to the report and recommendation waives the right to de novo review by the court of any portion of the report and recommendation and the right to appeal the findings of fact contained therein. *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

---

² (…continued)
*Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages and the standard for awarding punitive damages).