# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

WILLIE KIMBROUGH,

    Plaintiff,

vs.

WOODBURY COUNTY JAIL,

    Defendant.

No. C 13-3002-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

_____

This case is before me on United States Magistrate Judge Leonard T. Strand's February 20, 2014, Report And Recommendation On Defendant's Motion To Dismiss (docket no. 13). In his Report And Recommendation, Judge Strand recommends that I grant the defendant's January 20, 2014, Motion To Dismiss (docket no. 10) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff had filed no resistance to the defendant's Motion To Dismiss and, indeed, no party has filed any timely objections to Judge Strand's Report And Recommendation, which were due not later than March 6, 2014.

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed."). Nevertheless, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d

803, 815 (8th Cir. 1994). Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I find no clear error in Judge Strand's recommendation. *Grinder*, 73 F.3d at 795 (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor*, 910 F.2d at 520 (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Notwithstanding the lack of any resistance to the defendant's Motion To Dismiss, Judge Strand considered the merits of the defendant's assertions that Kimbrough had not identified a proper party as the defendant, because county jails are not legal entities amenable to suit, nor had Kimbrough otherwise adequately pleaded the requirements for "*Monell* liability"; that Kimbrough had failed to exhaust administrative remedies; and that Kimbrough had otherwise failed to state claims of constitutional violations. I find no clear error in Judge Strand's recommended disposition of any of these issues. Consequently, I accept Judge Strand's recommendation to grant the defendant's January 20, 2014, Motion To Dismiss (docket no. 10). *See* 28 U.S.C. § 636(b)(1) (2006) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

THEREFORE,

1. I **accept** Judge Strand's February 20, 2014, Report And Recommendation On Defendant's Motion To Dismiss (docket no. 13);

2. I **grant** the defendant's January 20, 2014, Motion To Dismiss (docket no. 10) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

3. I **direct** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 11th day of March, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA